## JOHN F. SANFORD & another *vs.* THE HOUSATONIC RAILROAD COMPANY.

In an action against common carriers, an objection that the declaration does not allege that the defendants were common carriers should be made in the court below, or it is not open on a bill of exceptions.

The consignors and owners of goods sent by common carriers, are the proper parties to sue for negligence in the transportation.

A receipt given by the consignees of goods to the carrier, acknowledging their receipt in good order, and in which the consignees are requested to notice any errors therein in twenty-four hours, or the carrier will consider himself discharged, does not estop the consignor from suing the carrier for damages caused by negligence in transporting the goods, although no notice was given thereof to the carrier.

THOMAS, J.   This was an action brought in the court of common pleas for the loss of a quantity of butter, by reason

of the negligence and carelessness of the defendants, and comes up on exceptions to the ruling of the presiding judge. The case finds a delivery of the butter by the plaintiffs to the defendants, to be forwarded to commission merchants in New York for sale, on commission, and the injury to the article on its passage, and that such injury was through the carelessness of the agents of the defendants. The defendants say they are not liable because there is no allegation in the declaration that they are common carriers. We do not perceive that this question is open on the exceptions, the point not having been taken in the court below. The jury, under the instructions of the court, must have found the fact that the defendants were common carriers, and the defect is one of mere form, capable of being supplied at any time before final judgment.

The defendants further say that the plaintiffs cannot maintain this action, but that it should have been brought by the consignees. The evidence shows a delivery of the butter by the plaintiffs to defendants; that the title was in them, and the loss theirs, and it is difficult to see why they may not sue.

But the ground most relied upon in defence is, the receipt given to the defendants by J. N. Brods and company, the commission merchants to whom the butter was consigned for sale, and a failure of Brods and company to comply with the terms of the memorandum upon that receipt. The receipt is as follows: " Cash in all cases for freight on delivery of goods. No. 60; New York, July 17th, 1850. Received in good order from the Housatonic Railroad Company. Marked John Brods & Co.: 31 tubs butter; 1 bl. eggs, $4.10. J. N. Brods & Co. Consignees of goods by this line are requested to notice any errors in regard to this line within twenty-four hours, or the company will consider their liability as ended."

The case finds that no notice of errors or loss was ever given to the defendants, and the defendants say that not having received such notice, they are not liable for any loss or damage of the property. The question therefore is as to the construction and effect of this receipt.

It may be observed that this paper was not made until after the carriage of the goods had been completed, and if effective

Sanford & another *v.* Housatonic Railroad Company.

at all, it must be as a waiver of any loss or injury sustained by the plaintiffs. Whether the consignees for the sale of the goods could so bind the plaintiffs, it is not necessary now to determine, because we are all of opinion that the loss or injury sustained by the plaintiffs was not within the receipt.

It is not necessary, in our view of the case, to discuss the question how far common carriers may limit their liability at common law by notice. But to create such limitation the notice must be clear, unequivocal, and brought to the knowledge of the owner or his agent. The paper before us is a receipt given upon the delivery of the goods. That the receipt is not conclusive—is open to explanation—and may be controlled by evidence, is familiar law. The memorandum is to be construed with reference to the subject matter. It is a receipt given upon the delivery of goods, acknowledging such delivery. Then comes the request to consignees to notice any errors in regard to this line within twenty-four hours. Construing the word " errors " with relation to the subject matter, it would mean errors in the delivery; as in a less or greater number of packages, or packages directed to different persons; errors which it is necessary to correct at once.

The word " errors " in this connection means mistakes, not waste or negligence. It is clear that the mistakes must be such as would be obvious upon external inspection, or comparison of the articles delivered, with the bill of lading or letter of consignment. For, supposing that the consignees for sale had time for a more thorough inspection and examination, it would be impossible to determine without communication with the consignor whether the defect existed when the goods were delivered to the carrier, or whether the carrier was responsible for the injury, and such communication would be impossible within the time fixed in the receipt.

We think the instructions of the learned judge were right, and the exceptions must be overruled.

*Judgment on the verdict.*

*I. Sumner,* for the defendants.
*C. N. Emerson,* for the plaintiffs.